# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT MEDINA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHERYL BURSON, et al.,<br><br>    Defendants. | Case No. 2:09-CV-02121-KJD-(RJJ)<br><br>**ORDER** |

        Before the court is plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court has reviewed it. The court will dismiss one count, and plaintiff will need to show cause why the remaining count, and the action, should not be dismissed as untimely.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff is in the custody of the Nevada Department of Corrections.  The events that he alleges in his complaint occurred at the High Desert State Prison, the Northern Nevada Correctional Center, and the Southern Desert Correctional Center.  The court will address his counts in chronological order instead of their numerical order.

In count 2, plaintiff alleges that before September 2002 he had suffered a crushing injury to his left hand.  That month, while imprisoned at the High Desert State Prison, he noticed that green fluid was seeping between the sutures.  Medical staff examined the hand and determined that plaintiff needed emergency medical treatment.  Plaintiff was transferred to the Northern Nevada Correctional Center.  There, doctors determined that the wound was gangrenous, and they initially treated plaintiff with strong antibiotics.  Plaintiff alleges that the doctors approved surgery for his hand, but that the only treatment he received was a scraping of the bone to remove the infection.  Plaintiff alleges that if he had received the treatment originally authorized, his hand would still be useful today.

There are a couple of problems with this count, but one that requires addressing before all others is its apparent untimeliness.  Because 42 U.S.C. § 1983 does not have its own statute of limitations, a court uses the statute of limitations for personal injury actions of the State in which it is located.  <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985).  In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years.  <u>Perez v. Seevers</u>, 869 F.2d 425, 426 (9th Cir. 1989).  "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim.  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  <u>Bagley v. CMC Real Estate Corp.</u>, 923 F.2d 758, 760 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1091 (1992) (citations and internal quotations omitted).  Plaintiff alleges that he noticed the medical problem in September 2002.  Therefore, the period of limitations appears to have run out not later than the end of September 2004.  Plaintiff needs to show cause why the court should not dismiss count 2 as untimely.

In count 1, plaintiff alleges that defendant Smith, the law library supervisor at the Southern Desert Correctional Center, and defendant Neese, a correctional officer who worked in that prison's mail room, impeded his right of access to the courts. Plaintiff has a right of effective access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). Plaintiff must prove an actual injury to that right, such as a missed filing deadline or the inability to present a claim. Id. at 348.

Plaintiff alleges that in June or July 2008 he mailed a box of documents relating to his criminal case to the Rocky Mountain Innocence Center, but that organization did not receive the box. Despite that loss, plaintiff was able to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, and counsel now represents plaintiff. See Medina v. Williams, Case No. 2:09-CV-01331-GMN-(GWF). Plaintiff has not suffered an actual injury from the loss of that box.

Plaintiff also alleges that on March 13, 2008, he sent a package of medical documents to a person, who never received the package. The documents related to the injury to his left hand and the treatment that he received, as described in count 2. Plaintiff cannot show that he suffered an actual injury for one of two reasons. First, assuming that count 2 is untimely, the medical documents were lost three and a half years after the period of limitations had already run out. Even if plaintiff missed the filing deadline, the loss of the medical documents did not cause plaintiff to miss that deadline. Second, assuming that count 2 is timely, plaintiff was able to raise in count 2 a claim regarding the treatment that he received for the injury despite the loss of those documents. If the action proceeds, then plaintiff will have other means for obtaining those documents again.

Amendment of the complaint cannot cure these defects. The existence of this action and of Medina v. Williams show that plaintiff has not suffered an actual injury to his right of access to the courts.

Also in count 1, plaintiff alleges that defendant Burson, an associate warden at the Southern Desert Correctional Center, did not give plaintiff the relief that he sought through the prison's grievance procedure regarding the loss of his mail. Plaintiff does not have a federal

1 constitutional right to an effective grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th
2 Cir. 1988) (order).  Amendment of the complaint cannot cure this defect.
3         IT IS THEREFORE ORDERED that count 1 of the complaint is **DISMISSED** for
4 failure to state a claim upon which relief can be granted.
5         IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the date
6 of entry of this order to show cause why the court should not dismiss this action as untimely.
7 Failure to comply with this order will result in the dismissal of this action.
8         DATED: August 4, 2010

_____
KENT J. DAWSON
United States District Judge